### W. Z. MANCHESTER, ADMINISTRATOR, v. W. A. BURSEY ET AL.

Decided January 25, 1908.

**Estates—Conversion—Evidence.**

In a suit by an administrator to recover money of the estate converted by defendants, evidence considered, and held insufficient to support a finding that defendants were entitled to a credit for money paid for the benefit of the estate or as advancements to the heirs.

Appeal from the County Court of Tarrant County. Tried below before Hon. John L. Terrell.

*Jas. C. Scott,* for appellant.

No brief for appellees.

CONNER, CHIEF JUSTICE.—The above named administrator of the estate of John Bouvet, deceased, instituted this suit against W. A. Bursey and William Bouvet to recover seven hundred and fifty dollars belonging to said estate and alleged to have been received and appropriated by the appellees, as may be more fully seen from the report of a former appeal in this case. 41 Texas Civ. App., 271. Appellees pleaded offsets for board, lodging, doctor's bill and burial expenses of said John Bouvet, amounting to three hundred and thirty-one dollars, and payment of two hundred dollars to named heirs of John Bouvet. The last trial resulted in a judgment in appellant's favor for the sum of fourteen dollars.

We see no answer to appellant's third assignment of error. Herein, as in the motion for new trial, it is insisted that the recovery was insufficient in amount. The proof is undisputed that at the time of the death of John Bouvet he had on deposit in one of the banks at Fort Worth six hundred and fifty dollars, which, in the present condition of the record, would appear to have been all of the estate of John Bouvet, deceased. Nor is there any conflict in the evidence to the effect that William Bouvet (since deceased, and now represented in this suit by his administrator, J. C. Smith), and W. A. Bursey drew this money from the bank. While, under our opinion on the former appeal, the offsets seem to have been sufficiently pleaded, we find no evidence whatever showing that any sum of money in fact had been paid out by or in behalf of appellees in payment for the reasonable value of services rendered in boarding and caring for said John Bouvet prior to his death, or for necessary burial expenses or for medicines or physician's fees, and the sole advancement made, so far as disclosed by the record before us, was

fifty dollars to Felix S. Bouvet, one of the heirs. If other advances to heirs, or other reasonable and necessary expenditures were in fact made, as alleged, it would seem to have been easily susceptible of proof. In the absence of evidence, however, we can not assume that any such payments were made.

The judgment must therefore be reversed and the cause remanded, as appellant requests.

*Reversed and remanded.*